IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY FRAZIER a/k/a WILLIAM POWELL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-1762 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PRISON SOCIETY, MAYOR OF PHILA, and COMMISSIONER OF PRISON, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                          May 6, 2019

While incarcerated in a Philadelphia correctional institution from 2008 until 2019, the *pro se* plaintiff claims that the defendants violated his constitutional rights when they incarcerated him in a constantly lit, windowless, three-person cell with too many other inmates. The plaintiff has also applied for leave to proceed *in pauperis*.

As explained below, the court will grant the plaintiff's application to proceed *in forma pauperis* because he cannot afford to pay the filing fee. In addition, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court will dismiss the complaint without prejudice because the plaintiff has not alleged how any of the named defendants violated his rights. The court will provide the plaintiff with leave to file an amended complaint should he have any plausible allegations for relief against the defendants.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Gary Frazier a/k/a William Powell, filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a complaint against the named defendants,

Philadelphia Prison Society, the "Mayor of Phila," and the "Commissioner of Prison," on April 23, 2019.[1] *See* Doc. Nos. 1, 2. In the complaint, which is very brief, the plaintiff alleges that from 2008 to 2019, he was incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia. *See* Compl. at 2–3. He asserts that he resided in a "three men [sic] cell and multi[-]purpose room with for [sic] people [and] one to[i]let." *Id.* at 3. The cell lacked a window and the lights were always left on. *See id.* at 3. The plaintiff believes that these conditions were not "humane for prisoners." *Id.* He asserts that this inhumane form of incarceration caused him to suffer mental health injuries, including Post-Traumatic Stress Disorder. *See id.* at 4. For relief, he "would like to have what's owed to [him] by state and federal law." *Id.*

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,

---

[1] Although the plaintiff identifies these defendants in the caption, he lists "CFCF" and the Mayor as the defendants in the body of the complaint. *See* Compl. at 1, 2. The court has interpreted the plaintiff's reference to "CFCF" as referring to the Curran-Fromhold Correctional Facility.

The court advises the plaintiff that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Should the plaintiff decide to file an amended complaint in this matter, he must identify all defendants in the caption of the amended complaint.

> that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

### B.      Standard of Review

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*,

490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This court may *sua sponte* dismiss a complaint that does not comply

with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. CIV. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### C. Analysis

Even though the plaintiff does not specifically indicate that he is pursuing a constitutional claim against the defendants, the court has construed the complaint as one asserting a constitutional violation under 42 U.S.C. § 1983. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988).

The plaintiff has failed to include any allegations describing how any of the named defendants were responsible for the conditions he describes. As such, the allegations are insufficient to place these defendants on notice to prepare their defense and ensure that the court is sufficiently informed to determine the issue.

5

Presuming that the plaintiff named the Mayor and the Commissioner as defendants because they are supervisors, to assert a plausible claim against these defendants, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are two theories of supervisory liability when a plaintiff seeks to hold the supervisor liable for the unconstitutional acts by subordinates: (1) "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and (2) "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted). Here, the plaintiff has not alleged a plausible claim for supervisor liability.

To the extent that the plaintiff is attempting to assert a claim against CFCF, he has failed to state a claim for relief. As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). A county correctional facility, such as CFCF, is not a "person" under section 1983. *See Taylor v. Pennsylvania*, Civ. A. No. 17-3369, 2018 WL 6574187, at *6 (E.D. Pa. Dec. 12, 2018) ("In the Third Circuit, it is well-established that a prison or correctional facility like the CFCF is not a 'person' subject to suit under federal civil rights laws." (citations omitted)); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of §

1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). "Essentially, the CFCF is not a separate corporate entity apart from the City of Philadelphia, which is the proper party to a suit under § 1983." *Id.* (citations omitted). Therefore, the plaintiff has also failed to state a claim against CFCF.

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court finds that amending the complaint would not be futile, so the court will grant the plaintiff leave to file an amended complaint.[2]

---

[2] To the extent that the plaintiff would amend the complaint to assert a claim against the City of Philadelphia, the court informs the plaintiff that he must allege that this municipal defendant violated his constitutional rights because of a custom or policy that it adopted. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). In this regard, to assert a plausible claim under section 1983, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "Customs" are practices so permanent and well-settled as to virtually constitute law. *Monell*, 436 U.S. at 691. Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom").

## III. CONCLUSION

For the foregoing reasons, the court will grant the plaintiff leave to proceed *in forma pauperis* and dismiss the complaint for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to the plaintiff's right to file an amended complaint within 30 days if he can cure the defects noted above.

The court will enter a separate order.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.